**IN THE COURT OF APPEALS OF IOWA**

No. 16-0572
Filed June 15, 2016

**IN THE INTEREST OF T.M.,**
**Minor child,**

**K.M., Mother,**
Appellant,

**K.M., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Cass County, Susan K. Christensen, District Associate Judge.

A father and mother appeal the termination of their parental rights to a child. **AFFIRMED ON BOTH APPEALS.**

Karen K. Emerson Peters of Karen K. Emerson Peters Law Office, Atlantic, for appellant mother.

Michael D. Hooper of Michael D. Hooper, Attorney at Law, Council Bluffs, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Karen L. Mailander of Mailander Law Office, Anita, for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

A father and mother appeal the termination of their parental rights to a child, born in 2007. The father argues (A) the State failed to prove the grounds for termination cited by the district court, (B) termination was not in the child's best interest, (C) the department of human services failed to provide sufficient reunification services, and (D) the district court failed to give appropriate weight to the bond he shared with the child. The mother argues (A) the State failed to prove the grounds for termination cited by the district court and (B) termination was not in the child's best interest.

## I. Father

### A. Grounds for Termination

We may affirm if we find clear and convincing evidence to support any of the grounds for termination cited by the district court. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). On our de novo review, we are persuaded the child could not be returned to the father's custody as required by Iowa Code section 232.116(1)(f) (2015).

The department issued a founded child abuse report after learning the father exposed the child to pornography and sexual activity. The child was adjudicated in need of assistance in late 2013 and was removed from the parents' care. The department placed the child with his maternal grandmother and he remained out of the father's care for the ensuing twenty-seven months.

Meanwhile, it became clear the father was a methamphetamine addict. He underwent inpatient treatment, relapsed a month or two after his discharge, and participated only sporadically in outpatient treatment. He tested positive for

methamphetamine approximately six months before the termination hearing and refused to take a drug test before the termination hearing. The department case manager testified,

> The child could not be returned today. You know, my concern here is that [the father] continues to minimize his actions, his behaviors. My concern is that he really has no insight into how this has affected his son. And I do not believe it would be safe to return this child or, for that matter, to even have unsupervised visits.

We conclude the child could not be returned to the father's custody.

### B. Best Interests

Termination must be in the child's best interest. *See In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010). There is no question it was. The father made little progress toward addressing his conceded sex addiction or his addiction to methamphetamine. A service provider who worked with the nine-year-old child testified the child wished to remain with his grandmother and was "doing very well" in that placement. Another service provider who supervised visits between the parents and child testified that, while visits went well, the parents had "periods of compliance and periods of noncompliance" with services and had "some positive drug screens." "[F]or the safety of the child and his mental health," each visit was reduced from two hours to one hour.

In light of the father's minimal progress towards addressing the barriers to reunification—barriers which compromised the child's safety—we conclude termination was in the child's best interests.

### C. Reunification Services

The department must make reasonable efforts to reunify parents with their children. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The father contends

the department failed to afford him the full panoply of reunification services. To the contrary, the department arranged for substance abuse treatment, visits with the child, and parent skills training, among other services. Despite years of services, the case manager testified, "[W]e're no closer than we were to begin with, and more time would not be helpful or beneficial." We conclude the department satisfied its reasonable-efforts mandate.

### D. Exceptions to Termination

The father contends the district court did not appropriately consider the closeness of the parent child bond. *See* Iowa Code § 232.116(3); *P.L.*, 778 N.W.2d at 38. While the father interacted well with his child during supervised visits, we are not convinced his bond overrode the child's need for a secure placement. Notably, certain anxiety-based behaviors waned in the care of his grandmother and his school routinely commended his social interactions. The district court appropriately found the exceptions to termination inapplicable. We affirm the termination of the father's parental rights to the child.

## II. Mother

### A. Grounds for Termination

The district court terminated the mother's parental rights on several grounds. We find clear and convincing evidence to support termination under Iowa Code section 232.116(1)(f).

The mother was the subject of a founded child abuse report for failing to properly supervise her child in connection with the pornography episode. In addition, the mother was addicted to methamphetamine and prescription drugs. Less than three months before the termination hearing, she admitted to

relapsing. And, she refused the department case manager's request to complete a drug screen before the hearing.

We recognize the mother obtained employment and stable housing by the time of the termination hearing. But she had yet to address her drug addictions. Significantly, the department attempted to transition to semi-supervised visits and even afforded the mother overnight visits, only to discover the mother used drugs while the child was in her care. We conclude the State met its burden of proving the child could not be returned to the mother's custody.

### B.  Best Interests

As discussed above, the mother was not in a position to safely parent the child. Accordingly, we conclude termination was in the child's best interest. We affirm the termination of the mother's parental rights to the child.

**AFFIRMED ON BOTH APPEALS.**